IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHARLES GILLIAM, | 1:05-CV-1367 AWI SMS P |
| Plaintiff, | ORDER DENYING REQUEST TO CHANGE ADDRESS |
| vs. | ORDER DIRECTING CLERK OF COURT TO REFRAIN FROM CHANGING ADDRESS AND SEND PLAINTIFF BLANK FORMS |
| SANDY SMITH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, is proceeding pro se with a complaint for civil rights pursuant to 42 U.S.C. 1983. On December 28, 2005, plaintiff submitted a notice of change of address to the court. In the notice, plaintiff requested that the court change his address to a private street address, despite the fact that plaintiff remains in custody at an out to court facility. Plaintiff indicates that he is currently at the West County Detention Facility in Richmond,

There is no Federal Rule of Civil Procedure or Local Rule concerning the service of Court and other legal documentation at an address other than a pro se litigant's actual address.

1

Local Rule 7-131, Local Rule 83-182(d), and Local Rule 83-183(b) require pro se litigants to inform the Court of their addresses and to keep the Court informed of any change in their addresses. There is no authority for the proposition that a pro se litigant can simply request the Court to serve him at a different address.

There may be special circumstances in which the court could serve a pro se litigant at a separate address. Plaintiff notes that he has been recently transferred and does not expect to be transferred back to the Medical Facility at Vacaville for approximately six weeks from the date of his notice. Hundreds of pro se litigants who currently have cases pending before this Court are similarly situated as plaintiff and thus, unexpected or frequent transfer alone is insufficient to warrant service at a location other than the pro se litigant's place of incarceration. Moreover, service at a location other than plaintiff's place of incarceration can pose significant problems with ensuring that petitioner receives all court documentation, meets court deadlines and prepares and signs all of his own legal documentation as a party proceeding in pro se.

Plaintiff should submit a new notice of change of address reflecting his current place of incarceration. Petitioner is cautioned that pro se litigants are required to notify the Clerk and all other parties of any change of address, and absent such notice, service of documents at the prior address of the party shall be fully effective. See Local Rule 83-182(d). Moreover, plaintiff's failure to comply with an order or any Local Rule may be grounds for dismissal of the entire action. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to be served at a private address outside his place of incarceration is DENIED;

2. The Clerk of Court is DIRECTED NOT to change the address for plaintiff at this time. Upon plaintiff's submission of the appropriate change of address form and notification of a proper address, the Court will change his address;

3. The Clerk is also DIRECTED to send to plaintiff a copy of this order and a form

for notice of change of address at each of the following addresses:

1) David Charles Gilliam, Booking #2005025484
   West County Detention Facility 7B #9
   5555 Giant Highway
   Richmond, CA 94805

2) David Charles Gilliam
   V-55850
   P. O. Box 2000
   Vacaville, CA 95696

IT IS SO ORDERED.

**Dated:   January 10, 2006**              /s/ Sandra M. Snyder
b6edp0                                    UNITED STATES MAGISTRATE JUDGE