# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHARLES GILLIAM,<br><br>           Plaintiff,<br><br>      v.<br><br>SMITH, et. al.,<br><br>           Defendants.<br>_____/ | CV F   05 1367 AWI SMS P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.)<br><br>ORDER GRANTING PLAINTIFF TIME TO SUBMIT AMENDED COMPLAINT<br><br>ORDER DIRECTING THE CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

David Charles Gilliam ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on October 31, 2005, naming Nurse Sandy Smith, Dr. L. Lee Cattrell, Dr. William T. Fithion, Sgt. Jon Campbell, Sgt. Chad Blake, Darrell Long, and Sheriff Les Weidman as Defendants.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

The allegations in the Complaint took place while Plaintiff was confined in the Stanislaus County Jail.  Plaintiff alleges that from February 26, 2004, to November 1, 2004, he was a pretrial detainee in the custody of the Stanislaus County Sheriff's Public Safety Center and while there, his Eighth Amendment rights were violated.  Plaintiff then begins a lengthy narrative of every conversation he had with every person he encountered within the jail regarding his attempts to get medical care.  Plaintiff also provides details about conversations his mother and grandmother had with individuals at the jail regarding his health care. Plaintiff's complaint is seventy pages long and does not set out each claim for relief nor does it provide specific facts to support each allegation he makes against each named Defendant.  For this reason, the Court will require Plaintiff to provide an Amended Complaint that clearly and distinctly sets forth each claim for relief against each Defendant and provides a brief statement of facts to support the claim for relief.  The Court will provide below, what appear to be the relevant standard of law to assist Plaintiff in formulating his Complaint.  However, the Complaint, in its current condition, does not clearly and briefly provide the Court or the Defendants with notice of what Plaintiff's claims are.  Plaintiff need not provide every minute detail of each contact he or his relatives had with medical staff.  The requirements for stating a claim for relief do not require such elaborate detail.  As this Court has hundreds of these cases pending before it at any given time, it is most

helpful if the Plaintiff is brief, to the point, and makes every attempt to provide only the necessary information in which to proceed with the case.

**C.  CLAIMS FOR RELIEF**

  *1. Linkage Requirement*

  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

  Here, the allegations in Plaintiff's complaint only inform that Plaintiff saw certain Defendants on certain days and then provides the Court with a narrative of the conversations he had with them. Plaintiff then concludes that the Defendants were deliberately indifferent to him but he does not link each Defendant to a specific act or omission giving rise to his claims for relief.

  *2. Rule 8(a)*

  Further, a plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46

(1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

In this instance, the Court finds that Plaintiff's allegations are not sufficient to put the Defendants on notice as to which of his actions violated Plaintiff's rights under the Eighth Amendment. Plaintiff should refrain from using the narrative form because it does not clearly set out each allegation against each defendant or state specifically which facts give rise to that constitutional violation. The Court cannot read the story and make a determination on Plaintiff's behalf which actions give rise to a constitutional violation. It is the Plaintiff's responsibility to make these determinations and to make them clear to the Court.

### 3. *Eighth Amendment Medical*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing* Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely

4

because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff is further reminded that a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, although Plaintiff states that his condition was serious and that the Defendants were deliberately indifferent to his needs, making such statements alone do not give rise to a constitutional violation for they are purely conclusory. Plaintiff must provide specific facts for each Defendant as to the very act or omission that gives rise to an Eighth Amendment violation. Again, the Court will not read Plaintiff's story and make such a determination for him.

### 4. *Supervisory Liability*

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County

Narcotics Unit, 507 U.S. 163, 168 (1993).

        *5. Exhibits/Evidence*

        Finally, Plaintiff is informed that it is inappropriate to attach exhibits to a complaint.  See Rule 8, Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the parties' evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).   At this point, the submission of evidence is premature as the Plaintiff is only required to state a prima facie claim for relief.

**D. CONCLUSION**

        The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

        Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. See, Fed.R.Civ.P. 41(a)(1).

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   **December 15, 2006**                    /s/ Sandra M. Snyder
icido3                                                          UNITED STATES MAGISTRATE JUDGE