UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID CHARLES GILLIAM, | ) | 1:05-cv-01367-AWI-SMS-PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DISMISS CASE FOR FAILURE TO |
| v. | ) | OBEY A COURT ORDER |
| | ) | |
| SMITH, et al., | ) | (Doc. #12) |
| | ) | |
| | ) | OBJECTIONS, IF ANY, DUE IN TWENTY |
| Defendants. | ) | DAYS |
| _____ | ) | |

Plaintiff David Charles Gilliam ("plaintiff") is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On December 18, 2006, the court issued an order requiring plaintiff to file an amended complaint within thirty days of the date of service of the order. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.[1]

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and

---

[1] The United States Postal Service returned the order on January 23, 2007 as undeliverable. On February 28, 2007, plaintiff filed a notice of change of address to 2801 N. Olive Avenue, Turlock, CA 93582. On April 13, 2007, the court re-served the order on plaintiff at his new address, and the order was not returned to the court. On April 23, 2007, plaintiff filed a notice of change of address to 3200 W. Monte Vista Ave., Box 108, Turlock, CA 95382. On May 23, 2007, the court re-served the order on plaintiff at his new address. The United States Postal Service returned the order sent to the Monte Vista Ave. address on June 20, 2007 as undeliverable. A notation on the envelope indicates "return to sender - not deliverable as addressed - unable to forward." Plaintiff has not notified the court of any further change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

1

all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since October 31, 2005. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

779 F.2d at 1424.  The court's order requiring plaintiff to submit an application to proceed in forma pauperis expressly stated: "Plaintiff is forewarned that his failure to comply with this order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110."  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on plaintiff's failure to obey the court's order of December 18, 2006.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     November 5, 2007**              /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE

3